UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY TOWNS, JR.,

    Plaintiff,

vs.                                      CASE NO.:  3:15-cv-00140-MMH-JBT

RICK BESELER, in his official
capacity as Sheriff of Clay County,
Florida; DEPUTY J.A. TOMLINSON;
DEPUTY M.J. PESEK;

    Defendants.
_____/

## SHERIFF RICK BESELER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Rick Beseler, in his official capacity as Sheriff of Clay County, Florida, by and through his undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files his answer and affirmative defenses to the Plaintiff's Amended Complaint and states as follows:

1. Defendant J. Rick Beseler, in his official capacity as Sheriff of Clay County, Florida (hereinafter "Defendant Sheriff Beseler") admits that at all times material to the Amended Complaint that he was the elected Sheriff of Clay County, Florida.

2. Defendant Sheriff Beseler admits that at all times material to the Amended Complaint Defendant, Deputy J.A. Tomlinson was a deputy sheriff employed by this Defendant.

3. Defendant Sheriff Beseler admits that at all times material to the Amended Complaint Defendant, Deputy M.J. Pesek was a deputy sheriff employed by this Defendant.

4. Defendant Sheriff Beseler admits that on or about April 16, 2011, Defendant Deputy Tomlinson arrested an individual that identified himself as Larry Towns Jr. at the Sears department store on Wells Road in Orange Park, Florida.

5. Defendant Sheriff Beseler admits that the individual confessed to retail theft and Defendant Deputy Tomlinson issued the individual a notice to appear.

6. Defendant Sheriff Beseler admits that photographs were taken of the merchandise alleged to have been stolen.

7. Defendant Sheriff Beseler admits that Defendant Deputy Tomlinson noted in his report, that the individual arrested had a lion tattoo on his right forearm.

8. Defendant Sheriff Beseler admits that on or about September 9, 2013, the Plaintiff appeared at the Clay County Sheriff's Office and Defendant Deputy Pesek arrested the Plaintiff pursuant to a warrant.

9. Defendant Sheriff Beseler admits that the Plaintiff was prosecuted for the offense of petit theft and the Office of the State Attorney announced a Nolle Prosequi on November 13, 2013.

10. Defendant Sheriff Beseler denies each and every allegation contained in the Plaintiff's Amended Complaint, which is not specifically admitted herein and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

11. Defendant Sheriff Beseler affirmatively alleges that there was probable cause or arguable probable cause to effectuate the arrest/seizure of the Plaintiff, on September 9, 2013 and therefore his arrest was lawful and the Plaintiff has no valid claim for false arrest/imprisonment under Federal law.

12. Defendant Sheriff Beseler affirmatively alleges that the arrest of the Plaintiff was lawful, conducted pursuant to legal authority and was reasonable and warranted under the circumstances.

13. Defendant Sheriff Beseler affirmatively alleges that the Plaintiff has failed to state a cause of action against him under 42 U.S.C. §1983 for alleged supervisory liability.

14. Defendant Sheriff Beseler affirmatively alleges that none of his official policies, practices, customs, or usages resulted in the Plaintiff having his Fourth or Fourteenth Amendments constitutional rights violated, such that this Defendant cannot be liable to the Plaintiff under 42 U.S.C. §1983.

15. Defendant Sheriff Beseler affirmatively alleges that none of his official policies, or lack of official policies and/or practices, customs or usages, were the moving force in causing the alleged deprivation of the Plaintiff's constitutional rights guaranteed under the Fourth or Fourteenth Amendments to the U.S. Constitution, such that he cannot be liable to the Plaintiff as a matter of law under 42 U.S.C. §1983.

16. Defendant Sheriff Beseler affirmatively alleges that at no time did he make a conscious choice not to take any action where he knew of a need to train or supervise his deputies as to any subject matter, such that the Plaintiff's claims based on the Fourth or Fourteenth Amendments to the U.S. Constitution are barred.

17. Defendant Sheriff Beseler affirmatively alleges that he was not deliberately indifferent to any need to train or supervise his deputies in the area complained of by the Plaintiff, such that the Plaintiff's claims based on the Fourth or Fourteenth Amendments to the U.S. Constitution are barred.

18. Defendant Sheriff Beseler affirmatively alleges that all deputies of the Clay County Sheriff's Office receive training that follows customary police practices and procedures in the state of Florida and the certification requirements of law enforcement in this state.

19. Defendant Sheriff Beseler affirmatively asserts that no federally protected rights of the Plaintiff have been violated.

20. Defendant Sheriff Beseler affirmatively asserts that probable cause did exist, as a matter of law, for the Plaintiff's arrest, therefore the Plaintiff must be held to of consented to his arrest because of evidence which established probable cause for his arrest.

21. Defendant Sheriff Beseler affirmatively asserts that the deputies' alleged wrongful actions amounted to negligence at most, which is not a basis for a constitutional violation.

WHEREFORE, Defendant J. Rick Beseler, in his official capacity as Sheriff of Clay County, Florida respectfully requests that this Honorable Court enter its order dismissing the Plaintiff's Amended Complaint and awarding costs.  Defendant Sheriff Beseler requests a trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

I certify that a copy was electronically filed with the Clerk of the Court using the CM/ECF system on this 10th day of April 2015, which will send notice of electronic filing to Plaintiff's counsel, **Eric Friday, Esquire,** Fletcher & Phillips, 541 East Monroe Street, Suite 1, Jacksonville, FL 32202; and Co-Defendant's counsel, **Jeannette M. Andrews, Esquire/Joe Longfellow, III, Esquire,** Andrews, Crabtree, Knox & Andrews, LLP, 1558 Village Square Boulevard, Suite 1, Tallahassee, FL  32317-2800.

*/s/ Bruce R. Bogan*
Bruce R. Bogan, Esquire
Florida Bar No. 599565
Melissa J. Sydow, Esquire

Florida Bar No. 39102
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL  32802-4973
Telephone: (407) 425-4251
Facsimile: (407) 841-8431
Email: bbogan@hilyardlawfirm.com
Email: msydow@hilyardlawfirm.com
Attorneys for Defendants Beseler and Pesek