UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY TOWNS, JR.,

Plaintiff,

v. CASE NO.: 3:15cv00140-MMH-JBT

RICK BESELER, in his official capacity
As Sheriff of Clay County, Florida;
DEPUTY J.A. TOMLINSON;
DEPUTY M. J. PESEK,

Defendants.
_______________________________________/

**TOMLINSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Deputy J.A. Tomlinson (hereinafter, "Tomlinson"), answers Plaintiff's Amended Complaint and asserts his affirmative defenses as follows:

1. Tomlinson admits this is an action wherein Plaintiff claims damages in excess of $15,000.00; however, he denies liability and denies Plaintiff is entitled to damages.

2. Tomlinson is without knowledge.

3. Tomlinson admits this allegation.

4. Tomlinson admits this allegation.

5. Tomlinson admits this allegation.

**FACTS**

6. Tomlinson denies this allegation as phrased.

7. Tomlinson denies this allegation as phrased.

8. Tomlinson denies this allegation as phrased.

9. Tomlinson denies this allegation as phrased.

10. Tomlinson is without knowledge.

11. Tomlinson admits Exhibit A speaks for itself.

12. Tomlinson denies this allegation as phrased.

13. Tomlinson is without knowledge.

14. Tomlinson is without knowledge.

15. Tomlinson is without knowledge.

16. Tomlinson admits Exhibit B speaks for itself.

17. Tomlinson denies this allegation.

18. Tomlinson denies this allegation.

19. Tomlinson denies this allegation.

20. Tomlinson is without knowledge.

21. Tomlinson denies this allegation.

22. Tomlinson denies this allegation.

23. Tomlinson denies this allegation.

24. Tomlinson is without knowledge.

25. Tomlinson denies this allegation as phrased.

26. Tomlinson is without knowledge.

27. Tomlinson denies this allegation.

28. Tomlinson denies this allegation.

29. Tomlinson denies this allegation.

## COUNT I—VIOLATION OF 42 U.S.C. § 1983 BY TOMLINSON

30. Tomlinson re-alleges his answers to paragraphs 1-29 as though set forth herein.

31. Tomlinson denies this allegation.

32. Tomlinson admits he was acting in his role as a deputy sheriff at all material times.

33. Tomlinson denies this allegation.

34. Tomlinson denies this allegation.

35. Tomlinson denies this allegation.

36. Tomlinson denies this allegation.

37. Tomlinson denies this allegation.

38. Tomlinson denies this allegation.

39. Tomlinson denies this allegation.

40. Tomlinson denies this allegation.

41. Tomlinson denies this allegation.

42. Tomlinson denies this allegation.

43. Tomlinson denies this allegation.

44. Tomlinson denies this allegation.

45. Tomlinson denies this allegation.

**COUNT II-VIOLATION OF 42 U.S.C. § 1983 BY PESEK**

46.-64. The allegations of paragraphs 46-64 are asserted against co-Defendant, Deputy M.J. Pesek, and do not apply to Tomlinson. To the extent any allegation contained within paragraphs 46-64 is or could be construed to state a claim against Tomlinson, said allegation is denied.

**COUNT III—VIOLATION OF 42 U.S.C. § 1983 BY BESELER**

65.-83. The allegations of paragraphs 65-83 are asserted against co-Defendant, Rick Beseler, in his official capacity as Sheriff of Clay County, Florida, and do not apply to

Tomlinson. To the extent any allegation contained within paragraphs 65-83 is or could be construed to state a claim against Tomlinson, said allegation is denied.

Tomlinson further denies any and allegations of the Amended Complaint that have not been specifically admitted herein.

Tomlinson requests a jury trial.

## FIRST AFFIRMATIVE DEFENSE

Tomlinson claims Plaintiff failed to state a claim because Tomlinson had probable cause or arguable probable cause.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to assert facts that would entitled him to a claim of punitive damages pursuant to federal law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Tomlinson for violation of his rights under the Fourth and Fourteenth Amendments because Tomlinson had probable cause or arguable probable cause to arrest him and followed the proper procedures.

## FOURTH AFFIRMATIVE DEFENSE

Tomlinson took no actions that a reasonable officer would know clearly violates established federal law and he acted in good faith; therefore, he is entitled to qualified immunity for his actions.

## FIFTH AFFIRMATIVE DEFENSE

Tomlinson claims Plaintiff failed to state a cause of action because he was neither the proximate or legal cause of Plaintiff's alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Tomlinson claims that he is entitled to sovereign immunity pursuant to the provisions of Fla. Stat. § 768.28, including its financial limits of liability for any and all allegations in the Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against Tomllnson is wholly without merit; therefore, he is entitled to an award of attorney's fees pursuant to the provisions of 42 U.S.C. § 1988 against Plaintiff. He is also entitled to an award of attorney's fees against Plaintiff's counsel pursuant to 42 U.S.C. § 1927.

**EIGHT AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been the beneficial recipient of recovery from collateral sources, Tomlinson is entitled to a set-off from any damages awarded for those payments from collateral sources.

**NINTH AFFIRMATIVE DEFENSE**

Tomlinson did not violate Plaintiff's Fourth Amendment and Fourteenth Amendment rights; therefore, he is entitled to qualified immunity for his actions.

**TENTH AFFIRMATIVE DEFENSE**

Any and all damages and/or injuries sustained by Plaintiff were caused by the unlawful conduct of Plaintiff.

ANDREWS, CRABTREE, KNOX & ANDREWS, LLP

*/s/ Joe Longfellow, III*
Jeannette M. Andrews, FBN: 0352896
Joe Longfellow, III, FBN: 62225
1558 Village Square Boulevard, Suite 1
Tallahassee, Florida 32317-2800
850-297-0090 / 850-297-0219 facsimile
Attorneys for Defendant, Deputy Tomlinson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF this 10th day of April, 2015 to:

Eric Friday, Esquire
Fletcher & Phillips
541 East Monroe St., Suite 1
Jacksonville, FL 32202

Bruce R. Bogan, Esquire
Hilyard Bogan & Palmer, P.A.
105 E. Robinson St., Suite 201
Orlando, FL 32801

*/s/ Joe Longfellow, III*
Joe Longfellow, III